## TAPPAN, MCKILLOP AND COMPANY
### v.
## WILLIAM P. REND ET AL.

1. MONEY HAD AND RECEIVED—PRIVITY OF CONTRACT.—Suit was brought against the appellant corporation to recover for money said to have been collected by it, but not paid over. The evidence showed that appellant had no existence as a corporation until long after, and never received appellee's claim for collection, but that the same was collected, if at all, through the agency of one Baker doing business as Tappan, McKillop & Co. *Held*, that the action could not be maintained against appellant.

2. PRACTICE—PROOF UNDER THE GENERAL ISSUE.—Whatever the plaintiffs were required to prove, the defendants may disprove under the general issue; so, evidence that the defendant was not in existence at the time of the alleged contract could be shown under the general issue.

3. EVIDENCE—ADMISSIONS BY ATTORNEY.—The evidence to show the money had been collected, was but the affirmation of the plaintiff that it was so, and an acquiescence in the statement on the part of appellant's attorney, who had no personal knowledge in regard to it. This is insufficient. There is no proof that the attorney had authority to bind appellant by his admissions.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed February 4, 1880.

Mr. WALTER BURNHAM, for appellant; that under the general issue defendant may give in evidence any matter going to show that it is not indebted to the plaintiff, cited Wilson v. King, 83 Ill. 232.

Messrs. WALKER & CARTER, for appellees; that the non-existence of the corporation should have been pleaded, cited Am. Ex. Co. v. Haggard, 37 Ill. 465.

The title is not a part of the plea: Bank of Columbia v. Ott's Adm'rs, 2 Cranch, 529; 1 Chitty's Pl. 428; Dale v. Beer, 7 East. 333; Dyer v. Stevens, 6 Mass. 389.

The plea of non-assumpsit admitted the incorporation of the defendant: Gilman v. Keyes, 30 Ill. 413; Willes, 41; 2 Saunders, 209.

Wilson, J.   This was an action of assumpsit, brought by appellees against Tappan, McKillop & Co., a corporation organized under the laws of the State of Illinois, to recover the amount of a claim alleged to have been left with appellant to be sent to Ottumwa, in the State of Iowa, for collection, and which, it is alleged by appellees, was collected by the agent of appellant, to whom it had been sent for that purpose.   Service of process was had upon the secretary of the company, November 10th, 1877.   The defendant appeared and filed a plea of the general issue under the name of "Tappan, McKillop & Company, of Chicago, a corporation," etc.   The case was tried by a jury, resulting in a verdict for the plaintiffs for $209.35, and judgment was rendered upon the verdict therefor.

The only witness sworn on the part of the plaintiffs was William P. Rend, one of the plaintiffs, who testified in substance, that in February or March, 1875, his firm placed in the hands of Tappan, McKillop & Co., for collection, a claim against a gas company in Ottumwa, Iowa, for $223.30; that sometime afterwards he called at their office for the money, and was referred by some one there to Mr. Freeman, who had a desk in the office, by whom he was told that the claim had been collected by an attorney in Ottumwa, to whom it had been sent by Tappan, McKillop & Co.; that the attorney had died, and Tappan, McKillop & Co. had trouble in getting the money from the heirs of the attorney, and that Tappan, McKillop & Co. would not pay him, as they did not consider themselves liable.

Henry W. Feeeman, the only witness called on the part of the defendant, testified that he was the person referred to by the witness Rend; that the defendant corporation was not in existence at the time plaintiff's claim was left with Tappan, McKillop & Co. for collection, and was not incorporated until the month of November, 1875; that when plaintiff's claim was left for collection, one William Baker was carrying on the business of a commercial agency in Chicago, under the name and style of Tappan, McKillop & Co., and had been doing so for many years prior thereto; that the claim was receipted for in the name of Tappan, McKillop & Co., and that the defendant corporation never received the same; that the style, Tappan, Mc-

Killop & Co. was only a business name which Baker had used for about twenty years in conducting his commercial agency; that witness understood there was a man by the name of Tappan in Boston, and another in New York by the name of McKillop, but that neither of them had any connection with Baker; that witness was an attorney, and had his office adjacent to the commercial agency of Baker, and acted as his attorney; that it was generally known in the city of Chicago that Baker was the sole proprietor of the commercial agency, and that he published a paper under the name of Tappan, McKillop & Co.; but witness believed Rend was not aware that Baker and Tappan, McKillop & Co. were one and the same, nor that he knew Baker.

Freeman denies that he knew the money had been collected, or that he so stated to Rend. He testifies that when Rend called at the office for the money, he (Rend) stated that the money had been collected, and that this was the first intimation Freeman had in relation to its having been collected; that he made some inquiries in the office, and thinks he saw some letters and correspondence indicating that the money had been collected by the attorney at Ottumwa, and he may have said to Rend he thought the attorney had got the money, but he had no personal knowledge on the subject. There is no proof that the money was ever received by the defendant corporation. Under this state of facts, it is manifest this judgment cannot be sustained. The proof relied on to show that the money was collected, even if competent, was vague and shadowy. At most it was only the affirmation of the plaintiff that the money had been collected and an acquiescence in the statement by Tappan, McKillop & Co.'s attorney, who had no personal knowledge as to the facts. The burden was upon the plaintiffs to establish the fact that the money had been collected by competent testimony. Whatever knowledge Freeman had in relation to the collection was based upon hearsay. But even admitting that he had personal knowledge of the facts, there is no evidence in the case that he had authority to bind Tappan, McKillop & Co. by his admissions.

A still more fatal obstacle to the plaintiff's right of recovery

is found in the testimony of Freeman, who swears that the collection was never placed in the hands of the defendant, but was placed in the hands of Tappan, McKillop & Co. several months before the defendant had any existence. This testimony is uncontradicted, and we see nothing to impeach it. The evidence was competent under the plea of non-assumpsit. The declaration averred an undertaking by the defendant, and under that averment it was incumbent on the plaintiffs to prove a contract, express or implied, between themselves and the defendant. Whatever the plaintiffs were required to prove the defendants might disprove under the general issue. The evidence shows that the contract was entered into, not with the defendant, but by another party, long before the defendant was incorporated, and there is no proof showing the reception of the money by the defendant, if any was collected, so as to charge it for money had and received.

There was a clear failure of proof to establish the defendant's liability, and the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.